APR 9 2001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| H&R Block Tax Services, Inc., | ) | |
| Plaintiff, | ) | CV 01-568 PCT PGR |
| | ) | |
| vs. | ) | ORDER SETTING SCHEDULING |
| | ) | CONFERENCE |
| Sharon Harrington, et al., | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Rule 2.12, this action is designated a **standard track** case.  Accordingly,

IT IS ORDERED THAT:

(1)  This order shall serve as notice to the plaintiff under  Fed.R.Civ.P. 4(m) that the Court shall dismiss this action without further notice with respect to any defendant for whom there is not a proper return of service on file establishing that service of process was accomplished within 120 days of the filing of the complaint, unless the plaintiff has filed prior to the expiration of the 120-day service period a motion requesting an extension of time to accomplish service, or unless Rule 4(m) is not applicable because service must be effectuated in a foreign country.

1      (2)  **THE LIMITATION ON THE COMMENCEMENT OF FORMAL**

2  **DISCOVERY SET FORTH IN FED.R.CIV.P. 26(d) IS WAIVED - FORMAL**

3  **DISCOVERY NOT ONLY MAY COMMENCE AT ANY TIME AFTER SERVICE OF**

4  **PROCESS, BUT THE COURT EXPECTS DISCOVERY TO COMMENCE PRIOR TO**

5  **THE SCHEDULING CONFERENCE.**

6      (3)  Pursuant to FED.R.CIV.P. 16(f), **a Scheduling**

7  **Conference is set for Monday, August 20, 2001, at 1:30 p.m.**, in

8  Courtroom 601 of the Sandra Day O'Connor United States

9  Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.

10 The parties are directed to Rule 16 for the objectives of this

11 conference.  **Lead counsel, or the parties if unrepresented,**

12 **shall appear in person at the Scheduling Conference.**  At least

13 one attorney for each party attending the conference shall have

14 authority to enter into stipulations and make admissions

15 regarding all matters which may be discussed.

16     (4)  The parties are directed to meet, either in person or

17 by telephone, at least <u>14 days</u> before the date for filing the

18 Joint Case Management Report to confer regarding:

19     A.  The possibility of voluntarily consenting to

20 proceed before a United States Magistrate Judge pursuant to

21 28 U.S.C. § 636(c) for all further purposes, including but not

22 limited to the conducting of a jury or nonjury trial and the

23 entry of final judgment, and the suitability of the action for

24 referral to this District's court-annexed voluntary arbitration

25 program or any other alternative dispute resolution mechanism,

26 or referral to a special master;

27

28

1     B.   Any matters relating to jurisdiction, venue or
2  joinder of additional parties;

3     C.   The scope of discovery and possible limitations
4  thereof, including any suggested changes in the limitations on
5  discovery imposed by the Federal Rules of Civil Procedures or
6  Local Rule 2.12.  The parties are expected to minimize the
7  expense of discovery whenever possible.  In cases in which
8  dispositive motions will be filed, the parties should consider
9  limiting discovery to the issue at hand until the Court has
10 ruled on the motion;

11    D.   A schedule of all pretrial proceedings, including
12 a trial date, an estimate of the length of trial, and any
13 suggestions for shortening trial;

14    E.   Prospects for settlement, including whether the
15 parties wish to have a settlement conference before a
16 magistrate judge; and

17    F.   Any matters which the parties may feel will help
18 dispose of the matter in an efficient and economical manner.

19    (5)  **THE PARTIES SHALL FILE WITH THE COURT, NOT LESS THAN**
20 **FOURTEEN (14) CALENDAR DAYS BEFORE THE SCHEDULING CONFERENCE, A**
21 **"JOINT CASE MANAGEMENT REPORT" REFLECTING THE RESULTS OF THEIR**
22 **DISCUSSIONS.**  The joint report shall include individually
23 lettered brief statements, set forth in the following order,
24 indicating:

25    A.   The nature of the case, setting forth the factual
26 and legal bases of the plaintiff's claims and the defendant's
27 defenses in <u>sufficient detail</u> such that the Court need not
28

3

1  refer to the parties' pleadings to understand what the case is
2  about;
3          B.   The jurisdictional basis of the case, citing
4  specific statutes;
5          C.   The factual and legal issues genuinely in
6  dispute, and whether they can be narrowed by stipulation or
7  motion;
8          D.   The parties, if any, which have not been served,
9  as well as parties which have not filed an answer or other
10 appearance.   Unless counsel can otherwise show cause, a
11 proposed order or notice of voluntary dismissal shall accompany
12 the joint report dismissing any party, including a
13 fictitiously-named party, which has not been served, or seeking
14 entry of default and default judgment on any non-appearing
15 party;
16         E.   The names of parties not subject to the Court's
17 jurisdiction;
18         F.   What formal or informal discovery has been done
19 and, if none, the reasons justifying the lack of discovery;
20         G.   Whether there are further dispositive or
21 partially dispositive issues to be decided by pretrial motions,
22 and the legal issues about which any pretrial motions are
23 contemplated;
24         H.   Whether the parties will consent to have a United
25 States Magistrate Judge preside over all further proceedings,
26 including trial and the entry of judgment, or to have the case
27 referred to arbitration or to another alternative dispute
28

1   resolution method, or whether the case is suitable for

2   reference to a special master;

3        I.   The identity of and status of any related cases

4   pending before other judges of this Court or before other

5   courts (see Local Rule 1.2(g) for meaning of relatedness), and,

6   if a related case exists, how they are related, and whether a

7   motion to consolidate or transfer has been filed and if none,

8   the reasons _justifying_ the lack of such a motion;

9        J.   Proposed deadlines for (1) filing motions

10  pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings and

11  motions to join additional parties; (2) exchanging witness

12  lists, and disclosing expert witnesses and their reports; (3)

13  completing expert witness depositions; (4) completing

14  discovery; (5) filing dispositive motions; and (6) filing a

15  Joint Pretrial Statement. (**Specific dates, i.e. a month, day,**

16  **and year** - not x days before trial, etc. - for these deadlines

17  must be included in the body of the Joint Case Management

18  Report, using the attached form of Scheduling Order as a

19  reference only - do not submit a completed proposed scheduling

20  order.  The proposed dates must not be a federal legal holiday

21  or a weekend.)  If the parties cannot agree on deadlines,

22  separate dates may be submitted for discussion at the

23  Scheduling Conference.

24       K.   Estimated date that the case will be ready for

25  trial, the estimated length of trial, and any suggestions for

26  shortening the trial;

27

28

1          L.   Whether a jury trial has been requested, and if

2    the parties differ as to whether a jury trial has been properly

3    requested, the bases for their positions;

4          M.   Whether any settlement negotiations have taken

5    place and the prospects for settlement, including any request

6    to have a settlement conference before another United States

7    District Judge or Magistrate Judge, or other request of the

8    Court for assistance in settlement efforts;

9          N.   In class actions, the proposed dates for class

10   certification proceedings and other class management issues.

11   Such certification will result in the case being reassigned to

12   the **complex track** for case management purposes;

13         O.   Whether any unusual, difficult, or complex

14   problems or issues exist which would require this case to be

15   placed on the **complex track** for case management purposes; and

16         P.   Any other matters which the parties feel will aid

17   the Court in resolving this dispute in a just, speedy, and

18   inexpensive manner.

19      (6)   The plaintiff shall serve a copy of this order on all

20   defendants which have not filed an appearance with the Court,

21   either with service of process or promptly after receipt of

22   this order if service was accomplished prior to such receipt,

23   and shall promptly file a notice of such service.  It shall be

24   the responsibility of the plaintiff to timely initiate the

25   communication necessary to prepare the Joint Case Management

26   Report.  **THE PARTIES AND THEIR COUNSEL ARE WARNED THAT**

27   **APPROPRIATE SANCTIONS MAY BE IMPOSED PURSUANT TO FED.R.CIV.P.**

28

1   **16(f) AND FED.R.CIV.P. 37(b)(2) IF THERE IS A FAILURE TO TIMELY**

2   **COMPLY WITH THIS ORDER OR IF THERE IS A FAILURE TO ATTEND THE**

3   **SCHEDULING CONFERENCE.**  If a party or counsel believes that

4   good cause exists to continue the deadline for filing the Joint

5   Case Management Report and the Scheduling Conference date, it

6   shall be that person's responsibility to formally seek such a

7   continuance <u>prior</u> to the date for filing the Joint Case

8   Management Report.

9      (7)  After the Scheduling Conference, the Court will enter

10  a Scheduling Order, which shall control the course of this

11  action, unless modified by subsequent order.  This Court views

12  this Scheduling Conference as critical to its case management

13  responsibilities and those of the parties, and the parties are

14  cautioned that the <u>deadlines set at this conference shall be</u>

15  <u>enforced and that no amendments to the Scheduling Order shall</u>

16  <u>be made without a court order</u>.

17      (8)  **The parties shall satisfy the filing requirement of**

18  **Fed.R.Civ.P. 26(a)(4) by filing with the Clerk of the Court a**

19  **notice of disclosure - no copies of any actual disclosures**

20  **shall be filed with the Court. (See Local Rule 1.2(a)(2)).**

21

22  Dated:   April 6, 2001.

23

24

25                                            

26                                  Paul G. Rosenblatt
                                 United States District Judge

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Xxxxx,                            )
                                  )
                Plaintiff,        )         CV
                                  )
        vs.                       )
                                  )         <u>SCHEDULING ORDER</u>
Yyyyy,                            )
                                  )
                Defendant.        )
_____   )

A Scheduling Conference having been held before this Court on

_____,

IT IS ORDERED that:

(1)  Motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings, and motions to join additional parties shall be filed no later than _____.

(2)  Parties shall exchange their respective witness lists, and file with the Court a notice of such exchange, no later than _____ ___. The plaintiff shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than _____. The defendant shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than _____. Expert witness depositions shall be

1                      **EXHIBIT TO ORDER**

completed by _____.

(3)    All discovery, including answers to interrogatories, shall be completed by _____, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e).    Interrogatories and depositions shall be limited to the number set forth in Local Rule 2.12(b)(4)(C). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.    Parties are directed to Local Rule 1.10(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties.   If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(4)  All dispositive motions shall be filed by _____.

(5)    A joint letter to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) shall be submitted at the time the Joint Pretrial Statement is filed.

(6) A Joint Pretrial Statement shall be filed by _____. If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later.   The content of the

2

Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties.   The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3).   It shall be the responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiff shall submit its draft of the Joint Pretrial Statement to the defendant no later than ten business days prior to the date for filing the Joint Pretrial Statement.

(7)  Motions in limine shall be filed no later than the date of filing of the Joint Pretrial Statement.   Responses to motions in limine are due ten business days after service.   No replies are permitted.   The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference.   No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

(8)  The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if pro per, shall appear and participate in a Pretrial Conference on _____.   Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of

3

the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference. If dispositive motions are filed, the Court will continue the date of the Pretrial Conference, if one is still necessary, until after the resolution of such motions and the filing of a Joint Pretrial Statement.

(9) Selection of a trial date, and directions for filing trial briefs, proposed findings of fact and conclusions of law or proposed jury instructions and voir dire questions, and for marking trial exhibits shall be set forth in an order entered following the completion of the Pretrial Conference.

(10) **The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown.**

Dated this _____ day of _____, _____.


_____
Paul G. Rosenblatt
United States District Judge


4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Xxxxxxxx,                        )
                                 )
              Plaintiff,         )          CV
                                 )
         vs.                     )          <u>JOINT PRETRIAL STATEMENT</u>
Yyyyyyyy,                        )
                                 )
              Defendant.         )
_____)

Pursuant to the Scheduling Order entered on _____,
the following is the parties' Joint Pretrial Statement.

**A.    COUNSEL FOR THE PARTIES.**  Include mailing address,
office phone and fax numbers.

**B.    STATEMENT OF JURISDICTION.**  Cite the facts and the
statute(s) which give this Court jurisdiction.

**C.    PARTIES REMAINING IN ACTION.** List the parties named in
the operative complaint who have not been dismissed from the
action.  If any of the remaining parties have not been served,
list those parties separately.

**D.    CLAIMS/CAUSES OF ACTIONS REMAINING IN ACTION.** List by
name and count number (if any) the claims or causes of action in
the operative claim that have not been previously dismissed.

**E.    NATURE OF ACTION.**  Provide a concise statement of the
type of case, the cause of action, and the relief sought.

**EXHIBIT TO ORDER**

**F.    CONTENTIONS OF THE PARTIES.**  With respect to each count of the complaint, counterclaim or cross-claim, and to any defense or rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense.  Brief citation to relevant legal authority is required.  Statements made shall not be in form of a question but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**G.    STIPULATIONS AND UNCONTESTED MATERIAL FACTS.**

**H.    CONTESTED ISSUES OF MATERIAL FACT.**  Each issue of fact must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**I.    CONTESTED ISSUES OF LAW.**  Each issue of law must be stated separately and in specific terms, as must the parties' contentions as to each issue.

**J.    WITNESSES.**  List all potential witnesses by name and address, identifying each as either plaintiff's or defendant's, and indicating (1) whether the witness is a fact or expert witness, (2) whether the witness will be called at trial, may be called at trial, or is unlikely to be called at trial, and (3) if outside the Court's subpoena power, whether the witness has been contacted to determine if the witness will voluntarily agree to testify.  A brief statement as to the testimony of each witness must be included.

**K.    LIST OF EXHIBITS.**  Potential exhibits shall be numbered and listed by each party, with a description of each containing

2

1  sufficient information to identify the exhibit, and indicating as
2  to each exhibit whether the parties have or will agree to its
3  admission or whether an objection is anticipated.  The party
4  opposing the admission of any exhibit shall specify the objection
5  and briefly explain the basis for the objection.  Those portions
6  of depositions that will be read at trial must be listed by page
7  and line number, and objections thereto must be specified.

8      **L.    LIST OF PENDING MOTIONS.**  Identify by name and date of
9  filing.

10     **M.    PROBABLE LENGTH OF TRIAL AND WHETHER A JURY TRIAL OR**
11 **BENCH TRIAL.**  The reason for any dispute as to whether a jury
12 trial was timely requested must be specified.

13

14 **APPROVED AS TO FORM AND CONTENT:**

15

16

17 _____        _____
   Attorney for Plaintiff(s)                      Date

18

19 _____        _____
   Attorney for Defendant(s)                     Date
20

21

22

23

24

25

26

27

28

                                    3